**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **SUMMER SANCHEZ, an individual,**<br><br>　　　　　**Plaintiff,**<br><br>　　v.<br><br>**CORRECTIONS CORPORATION OF AMERICA, a Maryland Corporation; and DOES 1 through 100, inclusive,**<br><br>　　　　　**Defendants.** | CV F 06-0152 AWI DLB<br><br>**ORDER GRANTING EX PARTE APPLICATION TO CONTINUE TRIAL DATE AND ALLOW DEFENDANT TIME TO FILE A MOTION FOR RECONSIDERATION**<br><br>**ORDER VACATING JANUARY 17, 2007 TRIAL DATE**<br><br>(Document #33) |

**BACKGROUND**

On April 26, 2006, the court issued a scheduling conference order in this action. The court ordered that any dispositive motions be filed by September 8, 2006, and set trial in this action for January 16, 2007.

On September 8, 2006, Defendant filed a motion for summary judgment. On December 6, 2006, the court denied Defendant's motion for summary judgment. The court found that there was a disputed issue of material fact on whether Warden Glikey's zero tolerance policy applied to sexually and racially offensive comments or applied only to racially offensive comments. Because there was evidence not all officers were treated the same if both sexually and racially offensive comments were included in the zero tolerance policy, the court found a disputed issue of fact on pretext and declined to grant summary judgment to Defendant.

On December 8, 2006, the court held a pretrial conference. On December 18, 2006, after

the court had allowed the parties time to submit additional potential witnesses and evidence to the court, the court issued its pretrial order. In the pretrial order, the court set trial in this matter for January 17, 2007. On December 26, 2007, the court issued an amended pretrial order.

On December 22, 2006, Defendant filed an ex parte application for an order continuing the trial date and to reopen the time for Defendant to file a motion for reconsideration of the court's order denying summary judgment. In its application, Defendant contends that on December 12, 2006, Defendant's attorney was informed by Plaintiff's attorney of newly discovered evidence in the form of minutes from Warden Gilkey's September 28, 2004 recall meeting. Defendant deposed Plaintiff regarding these minutes on December 19, 2006. Defendant contends that the newly discovered minutes and Plaintiff's deposition confirm that the zero tolerance policy at issue concerned only sexual harassment and racial slurs. Defendant argues that this evidence differs from Plaintiff's evidence, on which the court relied when denying summary judgment, that the zero tolerance policy included sexually harassing comments.

While Defendant's motion is entitled "ex parte," it was served on Plaintiff's attorney. Plaintiff has not filed an opposition to the ex parte request or otherwise contacted the court to request time in which to file an opposition.

## LEGAL STANDARD

Rule 16 of the Federal Rules of Civil Procedure governs deadlines and dates set by the court. A scheduling order controls the subsequent course of an action unless it is modified by the court. Fed.R.Civ.P. 16(e); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992). A scheduling order cannot be modified "except upon a showing of good cause." Fed.R.Civ.P. 16(b); Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking the amendment, and the court may modify the scheduling order if it cannot reasonably be met despite the diligence of the party seeking the extension. Johnson, 975 F.2d at 609 (citing

1  Fed.R.Civ.P. 16 advisory committee's notes).   A party demonstrates good cause for the
2  modification of a scheduling order by showing that, even with the exercise of due diligence, he or
3  she was unable to meet the timetable set forth in the order.  Zivkovic, 302 F.3d at 1087; Johnson,
4  975 F.2d at 609.  A scheduling order following a final pretrial conference shall be modified only
5  to prevent manifest injustice.   Fed.R.Civ.P. 16(e).
6       Rule 6(b) of the Federal Rules of Civil Procedure discusses the standard for allowing a
7  late motion.   Rule 6(b) of the Federal Rules of Civil Procedure provides:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e), and 60(b), except to the extent and under the conditions stated in them.

13  Fed. R. Civ. Pro. 6(b).

## DISCUSSION

15       The court finds that under both the excusable neglect standard and the manifest injustice
16  standard, Defendant's requests to continue the trial and allow a motion for reconsideration should
17  be granted.  In denying summary judgment, the court did rely on Plaintiff's evidence that the
18  zero tolerance policy may have included sexually harassing statements.   The new evidence
19  shows that the court may have misconstrued Plaintiff's evidence.   The new evidence indicates
20  that the zero tolerance policy included only "sexual harassment" and "racial slurs."   No
21  definition of sexual harassment is given.   If Defendant can show that "sexual harassment" did
22  not include one sexually harassing slur or comment, the court's basis for denying summary
23  judgment may be called into question.
24       All evidence before the court indicates that neither Defendant nor Defendant's attorney is
25  primarily responsible for not providing this new evidence to the court earlier.   While it remains
26  unclear why Defendant would not have had copies of its own minutes, Plaintiff's December 19,

2006 deposition, along with the minutes, may place Plaintiff's evidence regarding the extent of the zero tolerance policy into new light. The court finds that Defendant has exercised due diligence in bringing this new evidence to the court's attention.

Based on the documents currently before the court, the court finds that manifest injustice may occur if the court proceeds to trial without allowing the parties the opportunity to fully brief the implication of the new evidence on the court's order on summary judgment. The court declines to speculate at this time on whether reconsideration of the court's order on summary judgment should be granted. However, the court finds that all parties should be allowed sufficient time to fully brief the issue and provide any additional newly discovered evidence to the court.

**ORDER**

Accordingly, based on the above memorandum opinion, the court ORDERS that:

1. Defendant's application for an order continuing the trial date and to reopen the time for defendant to file a motion for reconsideration is GRANTED;

2. The January 17, 2007 trial date and all other dates set forth in the court's pretrial order are VACATED;

3. Defendant shall file any motion for reconsideration of the court's December 6, 2006 order denying summary judgment by January 19, 2007, Plaintiff may file any opposition by January 29, 2007, Defendant may file any reply by February 5, 2007, and the court will conduct a hearing on February 12, 2007 at 1:30 p.m.

4. After ruling on Defendant's motion for reconsideration, the court will set further trial dates.

IT IS SO ORDERED.

**Dated:**   January 3, 2007          /s/ Anthony W. Ishii
9h0d30                                UNITED STATES DISTRICT JUDGE

4